UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEXANDER R. GIFFORD,

      *Plaintiff,*

v.

CHUCK GRASSLEY, SENATE
PRESIDENT PRO TEM; MIKE PENCE,
VICE PRESIDENT AND SENATE
PRESIDENT; CHRISTOPHER WRAY,
F.B.I. ,

      *Defendants.*

                                   /

CASE NO. 20-10762
DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Because he proceeds *in forma pauperis* (IFP), ECF No.2, the Court must screen his complaint to see if it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B). For the reasons below, I conclude that Plaintiff's claims are outside this Court's jurisdiction, and thus they are frivolous. Therefore, I **RECOMMEND** that the case be *sua sponte* **DISMISSED**.

**II.    REPORT**

    **A.    FACTUAL BACKGROUND**

*Pro se* Plaintiff Alexander Gifford is back before the Court. This time, he is suing a Senator, the Vice President and the leader of the Federal Bureau of Investigation (FBI). Plaintiff complains about "[t]he deliberate spreading of a known contagion and the underhanded theft of public money or taxpayer dollars." (ECF No. 1, PageID.5.) Plaintiff states "I was made aware

1

of the Coronavirus in 2006-2007, but not of the intentions for its use. Several other deplorable incidents were also mentioned in that time frame, all of which came to fruition, leading to the conclusion this is not a random occurrence. All incidents have had an official report filed with the Federal Bureau of Investigation." (*Id.*)(emphasis in original) Plaintiff alleges that Defendant Grassley and Pence are "tapping American Resources, a form of theft, on a known contagion" (*Id.*)(emphasis in original). Plaintiff seeks "the immediate return of the $8.3 billion, plus any additional funding, allocated for the Coronavirus." (ECF No. 1, PageID.6.)(emphasis in original).

B. **LEGAL BACKGROUND**

Plaintiff is proceeding IFP, subjecting his claim to the screening standards in 28 U.S.C. § 1915(e)(2)(B). Since 1892, federal courts have possessed statutory power to permit civil actions IFP. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing the litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981).

Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To counteract these incentives, Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is

frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

As noted, the IFP statute also requires screening frivolous claims. The Supreme Court has established that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[1] A complaint is also frivolous and can be

---

[1] The Court also held that the frivolousness analysis differed from the "failure to state a claim" analysis—a complaint might not be frivolous because it raises an arguable question of law but still fail to state a claim. *Id.* When *Neitzke* was decided, the statute allowed screening of frivolous or malicious claims, but had not yet been amended to permit screening for failure to state a claim. 28 U.S.C. § 1915(d). That amendment came in 1996. See Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, Title VIII, § 804, 110 Stat. 1321 (April 26, 1996).

3

dismissed if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. 1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i) (West 1998); Fed.R.Civ.P. 12(h)(3)."); *Humphries v. Various Fed. USINS Employees*, 164 F.3d 936, 941 (5th Cir. 1999) (citing caselaw for the proposition that a complaint is frivolous and can be dismissed on screening if the subject matter is outside the court's jurisdiction). In addition to the screening statute, *Carlock* also cited Fed.R.Civ.P. 12(h)(3), which states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

    C.    **ANALYSIS**

Here, Plaintiff has sued persons who are all absolutely immune from suit. *Hilario v. Marianna*, 561 F. App'x 821, 823 (11th Cir. 2014)(Congressman and the Vice President are immune from suit when sued generally); accord, *Rose v. Roe*, 2018 WL 9880279, at *7 (E.D. Tenn. July 23, 2018) *Chapman v. Trump*, 2017 WL 3910904, at *2 (E.D. Tenn. June 8, 2017); *Richman v. Bush*, 2016 WL 11479287, at *3 (W.D. Tenn. May 12, 2016); *Asbury v. Oboma*, 2018 WL 770185, at * 2 (W.D. Ark. Feb. 7, 2018)(heads of the DEA and FBI are also immune from suit).

I therefore conclude that dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B).

**III.    CONCLUSION**

For these reasons, I recommend that this case be **DISMISSED**.

## IV. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

5

Date:  April 6, 2020                                  S/ PATRICIA T. MORRIS
                                                                Patricia T. Morris
                                                                United States Magistrate Judge

## **CERTIFICATION**

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class Mail to Alexander Roy Gifford at 9873 County Road 489, Atlanta, MI 49709.

Date: April 6, 2020                                   By s/Kristen Castaneda
                                                                Case Manager