UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALEXANDER GIFFORD,

        Plaintiff,                             Case No. 20-10762

v.                                                Honorable Thomas L. Ludington
                                                    Magistrate Judge Patricia T. Morris

CHUCK GRASSLEY, Senate President Pro Tem,
MIKE PENCE, Vice President and Senate President,
CHRISTOPHER WRAY, F.B.I,

        Defendants.
_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING MAGISTRATE JUDGE MORRIS'
REPORT AND RECOMMENDATION AND DISMISSING CASE**

        Plaintiff Gifford filed a civil complaint on March 20, 2020. ECF No. 1. His complaint alleges "the deliberate spreading of a known contagion and the underhanded theft of public money or taxpayer dollars." *Id.* at PageID.5. For relief, Plaintiff seeks "the immediate return of the $8.3 billion, plus any additional funding, allocated for the coronavirus." *Id.* at PageID.6. The complaint was referred to Magistrate Judge Morris. ECF No. 4. Plaintiff was granted permission to proceed in forma pauperis. ECF Nos. 2, 5. On April 6, 2020 Magistrate Judge Morris *sua sponte* issued a report and recommended the case be dismissed because defendants "are all absolutely immune from suit." ECF No. 6. Plaintiff timely objected to the report and recommendation. ECF No. 8. For the following reasons, Plaintiff's objection will be overruled and the report and recommendation will be adopted.

**I.**

        Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be

stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id.*

## II.

Plaintiff makes two objections. First, that "there is a pending Complaint of Judicial Misconduct (No. 06-19-90073/74) involving both Hon. T. Ludington and Magistrate Judge P.

- 3 -

Morris filed by plaintiff and that a motion for recusal wasn't acknowledged." *Id.* at PageID.23. However, there is no motion for recusal filed on the Court's docket and no reference to a judicial misconduct complaint is asserted in Plaintiff's complaint or his application for IFP status. There is no pending motion for recusal, so Judge Morris had no obligation to consider recusing herself from the case.

Plaintiff's second objection is an explanation that "This is a truthful claim. This is a factual case with a bonafide witness. . . . Hiding behind sovereign immunity to commit heinous acts is not how it was intended to be used or having to ask permission to sue from the Justice Department, only to have them go to the Supreme Court to ask permission to alter the law before responding, does not feel like justice." *Id.* at PageID.23. Plaintiff's frustrations with sovereign immunity is not a specific and valid objection. Plaintiff does not explain the source of any error in Judge Morris' opinion dismissing the lawsuit based on Defendants' sovereign immunity. This objection will also be overruled.

### III.

Accordingly, it is **ORDERED** that Plaintiff's objections, ECF No. 8, are **OVERRULED**.

It is further **ORDERED** that Judge Morris' report and recommendation, ECF No. 6 is **ADOPTED**.

It is further **ORDERED** that Plaintiff's complaint, ECF No. 1, is **DISMISSED**.

Dated: April 28, 2020                               s/Thomas L. Ludington
                                                                 THOMAS L. LUDINGTON
                                                                 United States District Judge

- 4 -

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Alexander R. Gifford,** 9873 County Road 489, Atlanta, MI 49709 first class U.S. mail on April 28, 2020.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager